IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PETER J. PASKE, JR.,           §
                               §
     Plaintiff,                §
                               §
v.                             §        CIVIL ACTION NO. H-12-2915
                               §
JOEL FITZGERALD, Individually  §
and in his Official Capacity   §
as Chief of Police of the      §
City of Missouri City, Texas,  §
and THE CITY OF MISSOURI       §
CITY, TEXAS,                   §
                               §
     Defendants.               §

<u>ORDER</u>

Pending is Plaintiff Peter J. Paske, Jr.'s Motion for Stay on Consideration and Ruling of Defendants' Bill of Costs (Document No. 72), to which Defendants have filed their response in opposition.

Plaintiff submits that while the Defendants are "prevailing party," that "could change by the time the case is fully adjudicated" if the Court of Appeals should reverse and remand this Court's Final Judgment and if Plaintiff thereafter prevails in further proceedings. Of course, this is true in every case. The other reason that Plaintiff advances is that the amount of costs submitted on Defendants' Bill of Costs itemization could cause substantial economic hardship to Plaintiff and his family, based

upon the sum representing over 14% of annual income "for a typical household in Texas," based on the Federal Government's Current Population Survey.  No proof is made with respect to Plaintiff's own financial resources or inability to pay costs.

Given Rule 54(d)(1)'s "strong presumption that the prevailing party will be awarded  costs," see <u>Pacheco v. Minetta</u>, 448 F.3d 783, 793 (5th Cir. 2006), and the absence of any persuasive reasons not to adhere to Rule 54(d)(1), Plaintiff's Motion for Stay on Consideration and Ruling of Defendants' Bill of Costs (Document No. 72) is DENIED.  *See also* <u>Kent v. Vicksburg Health Care, LLC</u>, 534 F. Appx. 229 (5th Cir. 2013) ("'The trial court has broad discretionary powers in taxing costs. . . . While [Rule 54(d)(1)] does not prevent a trial court from requiring a prevailing party to bear its own costs, the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs.' <u>Walters v. Roadway Express, Inc.</u>, 557 F.2d 521, 52 (5th Cir 1977) (citations and internal quotation marks omitted).  '[I]t is incumbent on the losing party to overcome that presumption.' <u>Id</u>.").

Accordingly, it is ORDERED that costs of Court be taxed against Plaintiff Peter J. Paske, Jr.. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1).

It is SO ORDERED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this ___9TH___ day of June, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

3